Cite as 2020 Ark. 425

# SUPREME COURT OF ARKANSAS

| | |
|---|---|
| IN RE AMENDMENT TO ADMINISTRATIVE ORDER 12 | **Opinion Delivered:** December 17, 2020 |

**PER CURIAM**

The Arkansas Judicial Council [the Council] desires to have more uniform forms available to courts across the state and has therefore submitted proposed changes to Administrative Order 12. The changes would permit the Council to develop, revise, and maintain uniform petitions, orders, and forms for optional use in our courts without the Arkansas Supreme Court approving each of them. We have reviewed the Council's proposal. Because we conclude that this practice may be beneficial to the parties, attorneys, and judges of our State, we adopt the revised Administrative Order. The revisions to the Order, which are set out in "line-in, line-out" fashion below (new material is underlined; deleted material is lined through), are effective immediately.

## ORDER 12. OFFICIAL FORMS

The following ~~official~~ court forms ~~adopted by the Arkansas Supreme Court~~ are found in the publications noted below and may also be found at the Arkansas Judiciary website: (~~http://courts.arkansas.gov~~) (**https://www.arcourts.gov**).

**1. Probate Forms.** The Supreme Court, pursuant to Ark. Code Ann. § 28-1-114 and its constitutional and inherent powers to regulate procedure in the courts, has adopted thirty-three probate forms. These official forms supersede all earlier versions. The forms are published in 336 Ark. Appendix (1999).

**2. Court Forms for Orders of Protection.** The Supreme Court, pursuant to Amendment 80 of the Arkansas Constitution, has adopted the following forms to be used in order-of-protection cases: (a) Ex Parte Order of Protection, (b) Notice of Hearing on Petition for Order of Protection, and (c) Final Order of Protection. The Administrative Office of the Courts in collaboration with the Arkansas Judicial Council and others is authorized to prepare instructions to be used with these documents and to make technical corrections from time to time to the documents. These forms are published in 2010 Ark. 442.

**3. Additional Forms and Orders.** <u>To ensure consistency and efficiency in the courts, the Supreme Court authorizes the Arkansas Judicial Council to develop, revise, and maintain various uniform forms, petitions, and orders for use by courts. However, unless specifically directed by the Supreme Court, use of such uniform forms, petitions, and orders is not mandatory. All uniform forms, petitions, and orders remain subject to legal challenge and publishing them does not alter this.</u>

HART, J., dissents.

**JOSEPHINE LINKER HART, Justice, dissenting.** I dissent. Amended Administrative Order No. 12 unconstitutionally cedes to the Arkansas Judicial Council, Incorporated, the Arkansas Supreme Court's superintending authority over inferior courts. *See* Ark. Const.

amend. 80 § 4.

I am mindful that the Judicial Council, Inc., has gradually increased its stature by successfully lobbying the legislature. The Judicial Council, Inc., per statute, now makes recommendations to the General Assembly on judicial redistricting and the addition of new judgeships. Ark. Code Ann. § 16-10-501. It also has taken the lead in determining judicial salaries by direct contact with the Independent Citizens' Commission and by selecting the five board members that direct the Arkansas Judicial Retirement System. Ark. Code Ann. § 24-8-203. However, these activities have involved the political dimension of the Arkansas courts, not practice and procedure.

Previously, where practice and procedure were at issue, the Judicial Council, Inc., has only made recommendations to this court. To be sure, the Arkansas Supreme Court has been very receptive. Indeed, the first time Administrative Order No. 12 was amended--it previously was adopted to take over the maintenance of uniform probate forms--this court adopted a recommendation made by the Judicial Council, Inc. *In re Official Forms–Order of Protection and Amendment of Administrative Order No. 12*, 2011 Ark. 442. Likewise, when the Judicial Council, Inc., recommended revision of the order of protection, this court readily approved of the recommended form. *In re Adoption of Final Order of Protection*, 2018 Ark. 266. In both instances, this court's approval was consistent with its superintending authority; today's adoption of the revised Administrative Order No. 12 is not.

Although the Judicial Council, Inc., is a politically powerful organization, it has no stature under the Arkansas Constitution. It is a voluntary organization that cannot dictate

3

practice and procedure to the courts of this state. The only way that uniformity can be achieved is through the supreme court's superintending authority.

Furthermore, unlike the Judicial Council, Inc., the Arkansas Supreme Court has standing committees to study and refine proposed changes to the rules of practice and procedure. These standing committees are composed of judges *and* practicing attorneys, so that both the bench *and* bar consider the proposed change. Additionally, this court publishes proposed changes for comment before adopting them. Invariably, a more deliberate approach in which a greater range of expertise is brought to bear produces a superior result. Uniform forms have the inherent potential to devolve into de facto checklists. Checklist justice should be avoided at all costs.

The potential pitfalls of giving Judicial Council, Inc., unbridled authority "to develop, revise, and maintain various uniform forms, petitions, and orders for use by courts" is at least tacitly recognized in the very paragraph that grants the authority. By stating that "use of such uniform forms, petitions, and orders is not mandatory" and that they "remain subject to legal challenge," this court is abandoning its constitutional duty to "prescribe the rules of pleading, practice and procedure." Ark. Const. amend. 80 § 3. Inviting litigation does not cure this deficiency. I decline to join it.

I dissent.